# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL THOMPSON, a/k/a
Nathaniel L.W. Traylor,

        Petitioner,         Case No. 03-C-97

        v.

PHIL KINGSTON[1],

        Respondent.

## OPINION AND ORDER

Michael Thompson, a prisoner in the custody of the State of Wisconsin, has filed a Petition for a writ of habeas corpus. See 28 U.S.C. § 2254. He is challenging two convictions that were consolidated for sentencing purposes. In the first case, 98-CF-747, he pleaded guilty and was convicted of armed robbery. In the second case, 98-CF-748, he pleaded no contest to one count of robbery with threat of force and pleaded guilty to one count of fleeing from an officer and to operating a motor vehicle without the owner's consent. As an habitual offender, Thompson was sentenced to imprisonment for forty years to run consecutive to a second sentence of thirty-five years. The Wisconsin Court of Appeals affirmed Thompson's convictions and sentence and the Wisconsin Supreme Court denied review. See State v. Thompson, 248 Wis. 2d 528, 635 N.W.2d 906 (Ct. App. 2001), review denied, 250 Wis. 2d 557, 643 N.W.2d 94 (2002).

---

[1] Phil Kingston, present warden of Waupun Correctional Institution where the Petitioner is incarcerated, is substituted for former Warden Gary McCaughtry as the Respondent in this action.

After exhausting his state remedies, Thompson applied to this court for collateral review. The Respondent has answered and has denied that he is entitled to relief. This court, which is located in the district where Thompson was convicted, is empowered to consider the Petition by 28 U.S.C. § 2241(d).

## I. STANDARDS FOR COLLATERAL REVIEW

The Seventh Circuit has set forth the following standards for ruling on a petition for habeas corpus relief.

> [Thompson's] habeas petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The writ is not easy to come by--section 2254 authorizes issue of the writ only if the challenged decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).
>
> "Contrary to" means that a federal court may grant the writ only if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The "unreasonable application" prong in particular is difficult to show--"unreasonable" in this context means "something like lying well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir.2002); *see also Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir.2003) ("We have held that under this criterion, habeas relief should not be granted if the state court decision can be said to be one of several equally plausible outcomes."). In the habeas context, an "unreasonable" application is more than simply an "incorrect" application, so "a federal habeas court may not issue the writ simply because that court

2

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S.Ct. 1495. Rather, in order to trigger grant of the writ, the state-court decision must be both incorrect and unreasonable. *See Moore v. Casperson*, 345 F.3d 474, 490 (7th Cir.2003) (citations omitted).

In addition, a state court's factual determinations are presumed to be correct, and a petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *See Conner v. McBride*, 375 F.3d 643, 649 (7th Cir.2004).

<u>Woods v. McBride</u>, 430 F.3d 813, 817 (7th Cir. 2005).

Thompson has not shown entitlement to an evidentiary hearing under AEDPA's standards which require that:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

28 U.S.C. § 2254(e)(2). In addition, Thompson has not submitted clear and convincing evidence to rebut the presumption that the facts set forth by the Wisconsin Court of Appeals are correct.

## II. DISCUSSION AND DECISION

The Petitioner has raised four grounds for habeas corpus relief. He claims that: (1) his attorney was ineffective in Case No. 747; (2) his attorney was ineffective in Case No. 748; (3) his pleas in both cases were involuntary; and (4) his pleas in both cases were coerced.

### A. INEFFECTIVE ASSISTANCE

**1. Case No. 98-CF-747**

Thompson believes that his counsel was ineffective in Case No. 98-CF-747 because he failed to investigate, failed to move to suppress, failed to inform him of discovery material, and failed to object to a breach of the plea agreement. The Wisconsin Court of Appeals rejected these contentions as merely conclusory. Relying on <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), that court stated that Thompson would have to show: (1) that his counsel's performance was deficient; and (2) that he was prejudiced as a result. Because Thompson entered pleas, in order to show prejudice he would have to show that he would not have pleaded guilty and would have insisted on going to trial. The state court concluded that Thompson had failed to meet his burden of establishing that he was prejudiced by his counsel's conduct prior to the plea hearing. Moreover, he failed to establish that there was a breach of the plea bargain. In the agreement, the prosecutor had promised to argue the facts and leave

4

the sentencing to the court. The Petitioner, however, believes that she tacitly recommended a maximum sentence by bringing up aggravating sentencing factors.

The Wisconsin Court of Appeals rejected this argument by reasoning that:

> Thompson further contends that the State agreed to "argue the facts and leave sentencing to the court." He claims that the State violated this agreement when the prosecutor's remarks to the sentencing judge went beyond the facts of the case. He argues that this is a breach of the plea bargain because the State in effect recommended the maximum sentence.
>
> The plea bargain in this case did not prohibit the state from informing the trial court of aggravating sentencing factors. *See Elias v. State*, 93 Wis.2d 278, 285, 286 N.W.2d 559, 562 (1980) (pertinent factors related to the defendant's character and behavioral patterns cannot be "immunized by a plea [bargain] between the defendant and the state"). Moreover, a plea bargain which does not allow the sentencing court to be apprised of relevant information is void as against public policy. *State v. McQuay*, 154 Wis.2d 116, 125-126, 452 N.W.2d 377, 381 (1990).
>
> Here, the prosecutor did not breach the spirit of the plea bargain. She began her sentencing remarks by stating that she was leaving the sentence to the court's discretion. She also indicated that she would only argue the facts. The prosecutor continued by recounting the offenses Thomas committed and asked the court to consider the defendant's background, the seriousness of the offenses, the protection of the community, and restitution for the victims. The prosecutor's remarks did not go beyond the facts. She merely apprised the court of facts pertinent to sentencing, and this certainly cannot be construed as an attempt to "end run" the plea bargain.

State v. Thompson, 248 Wis.2d 528, 635 N.W.2d 906 (Ct. App. 2001), review denied, 250 Wis. 2d 557, 643 N.W.2d 94 (2002).

In deciding whether Thompson's counsel was ineffective, the Wisconsin court correctly identified Strickland as the proper legal standard and set forth the appropriate Strickland prejudice test. The court applied that test and concluded that Thompson failed to meet it. The state court's reasoning is neither contrary to, nor an unreasonable application of Strickland. Consequently, the court will not grant the writ on this ground.

**2. Case No. 98-CR-748**

Next, Thompson claims that his counsel was ineffective in Case No. 98-CF-748 because he failed to move to suppress a "show up" identification[2] and because he allowed the plea colloquy to continue when Thompson did not understand the rights he was waiving. Again, the Wisconsin Court of Appeals found that these claims were merely conclusory and had no merit. The court recounted that:

> Thompson claims that he should be resentenced in case 748 because his trial counsel did not effectively handle the show-up identification. Specifically, he alleges that his attorney was ineffective for not presenting the issue adequately to the trial court, investigating, interviewing witnesses, or being prepared to argue the issue. He argues that if his counsel had called and questioned witnesses during the pre-trial hearing, he could have discovered more information.
>
> A defendant who alleges a failure to investigate by his trial counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *State v. Flynn*, 190 Wis.2d 31, 48, 527 N.W.2d 343, 349-350 (Ct.App.1994). Thompson fails

---

[2] A show-up is an out-of-court pretrial identification procedure in which a suspect is presented singly to a witness for identification purposes. See Stovall v. Denno, 388 U.S. 293, 302 (1967) (a show-up identification is "[t]he practice of showing suspects singly to persons for the purpose of identification, and not part of a lineup"), overruled on other grounds by Griffith v. Kentucky, 479 U.S. 314, 326 (1997).

6

> to allege how the information that his attorney should have
> discovered would have altered the outcome of the case.
> Thus, Thompson's allegations that his attorney failed to
> adequately present the issue and that he was unprepared
> to argue the issue are conclusory. Thompson does not
> allege relevant facts that would allow us to undertake a
> meaningful review of his claims. *See Bentley*, 201 Wis.2d
> at 313, 548 N.W.2d at 55. Accordingly, we cannot conclude
> that Thompson's trial counsel was deficient with regard to
> the show-up identification.

State v. Thompson, 248 Wis. 2d 528, 635 N.W.2d 906 (Ct. App. 2001), review denied, 250 Wis.2d 557, 643 N.W.2d 94 (2002).

Again, under the standard set forth in Strickland v. Washington, 466 U.S. 558 (1984), Thompson did not allege facts that could establish that his counsel's performance was constitutionally deficient. The Wisconsin Court of Appeal's conclusion that Thompson's attorney in Case No. 748 was not ineffective is neither contrary to, nor an unreasonable application of the United States Supreme Court precedent. Therefore, this court will not grant the writ on this claim.

## II. **VOLUNTARINESS OF PLEAS**

**1. Competency**

Thompson alleges that his pleas in both cases were involuntary because he did not have the proper medication and did not understand his rights and because his attorney did not inform him of photo array evidence. After reviewing the record, the Wisconsin Court of Appeals ruled that the trial court's finding that Thompson was competent to enter a plea was not clearly erroneous. The appellate court explained that:

7

> At the plea hearing, the trial court addressed Thompson's competency, which he put into question for the first time that day. The court questioned Thompson at length regarding his medical history, medications, and understanding of the proceedings. It found that he was taking medication, spoke well, and looked alert. Moreover, the trial court's findings were confirmed by the results of a competency examination prepared for sentencing -- it revealed that Thompson was well oriented, with no psychotic symptoms or impairments in mood, attention, concentration, or memory. Accordingly, the trial court's finding that Thompson was competent to enter his pleas was not clearly erroneous.

State v. Thompson, 248 Wis. 2d 528, 635 N.W.2d 906 (Ct. App. 2001), review denied, 250 Wis. 2d 557, 643 N.W.2d 94 (2002).

Competency to enter a plea is a mixed question of law and fact. On collateral review, a federal court will not grant habeas corpus relief unless the state court's judgment is "unreasonable." See Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir/ 1996), rev'd on other grounds, 521 U.S. 320 (1997). Mixed constitutional questions of law and fact are those situations "which require the application of a legal standard to the historical-fact determinations." Thompson v. Keohane, 516 U.S. 99, 109 (1995). Unreasonableness equates to a demonstration of incorrectness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). In determining whether a state court's application of Supreme Court case law was unreasonable, a federal court must assess whether the determination was minimally consistent with the facts and circumstances of the case. See Hennon v. Cooper, 109 F.3d 330, 334-35 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

Although the Wisconsin court did not cite Supreme Court precedent, its ruling was consistent with well-established Supreme Court law.[3] The Supreme Court has held that a criminal defendant must be mentally competent to stand trial. See Drope v. Missouri, 420 U.S. 162, 171 (1975). A defendant must also be competent at the time he pleads guilty, and the standard governing competency to plead guilty is the same as that used to evaluate competency to stand trial. See Godinez v. Moran, 509 U.S. 389, 398-99 (1993). The question of whether a defendant is competent focuses on "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. See Dusky v. United States, 362 U.S. 402 (1960).

In Thompson's case, the state courts relied on a competency examination conducted for the sentencing. The report concluded that Thompson was not psychotic or unable to function mentally. In addition, at the plea hearing, the court questioned Thompson about his medical history. See Petition for Writ of Habeas Corpus at Exhibit J. The court determined that he was taking his medication regularly for possible schizophrenia. At the hearing, Thompson also complained of a memory problem, but he conceded that he had not told his attorney or anyone at the jail of this alleged affliction. The ensuing colloquy satisfied the judge that Thompson's memory was not impaired. Under these circumstances, the state courts' finding that Thompson was

---

[3] A state court need not cite or even be aware of Supreme Court precedent "so long as neither the reasoning nor the result of the state court decision contradicts them." Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

9

competent to enter a plea was reasonable and complied with clearly established holdings of the United States Supreme Court because Thompson demonstrated that he had a rational and factual understanding of the plea proceedings. As a result, this court will not grant the writ on this ground.

**2. Coercion**

Finally, Thompson claims that the prosecutor threatened to charge him with additional misdemeanors if he did not enter a plea. The Wisconsin appellate court refused to address this issue on procedural grounds. The court wrote that:

> Thompson next argues that he should be allowed to withdraw his pleas in case 748 because they were coerced. He claims that the State's threat to charge him with additional misdemeanor charges coerced him into entering a guilty plea. He alleges that this was improper because it was a threat to add a repeater amendment after arraignment. Thompson did not raise this claim in his postconviction motion. Thus, this issue is waived. *See Wirth*, 93 Wis.2d at 443-444, 287 N.W.2d at 145.

State v. Thompson, 248 Wis. 2d 528, 635 N.W.2d 906 (Ct. App. 2001), review denied, 250 Wis. 2d 557, 643 N.W.2d 94 (2002).

Because the Wisconsin Court of Appeals determined that Thompson had waived his coercion issue by not raising it in a postconviction motion, Thompson is barred from raising the claim on collateral review by the doctrine of procedural default. Procedural default can occur: (1) when a petition to the federal court includes new claims that the petitioner failed to raise at the state level, see Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), cert. denied, 490 U.S. 1009 (1989); or (2) where the state court declined to address a federal claim because the petitioner failed to comply

10

with a state procedural requirement. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The second ground applies in this case. The Wisconsin Court of Appeals, the highest state court to review Thompson's claim, ruled that he had waived the ineffectiveness of trial counsel issue by failing to raise it in postconviction proceedings in accordance with well-established Wisconsin law.

When a state court declines to review an issue because the issue was improperly preserved, the state court decision must rest upon a state law ground that is both "independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 730. Whether the ground is independent depends on state law, see Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.), opinion modified on other grounds on denial of rehearing by 79 F.3d 578 (7th Cir. 1996); whether it is adequate depends on federal law. See Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997).

In this case the Wisconsin Court of Appeals relied upon Wirth v. Ehly, 93 Wis.2d 433, 443, 287 N.W.2d 140, 145 (1980), where the Wisconsin Supreme Court held that an issue not raised or considered in the trial court will not be considered for the first time on appeal. Although the state court acknowledged that this rule is not absolute and that exceptions could be made, Thompson presented no grounds for an exception in his case. Under these circumstances, his failure to raise the coercion issue in his postconviction motion is a ground for waiver independent of any federal claim.

A rule of procedure is adequate to prevent federal collateral review when the petitioner can be deemed to have been apprised of its existence at the time he omitted the procedural step in question. See Barr v. Columbia, 378 U.S. 146, 149

11

(1964); NAACP v. Alabama ex rel, Patterson, 357 U.S. 448, 457 (1958). The United States Supreme Court has explained that only a "firmly established and regularly followed state practice" prevents federal review. James v. Kentucky, 466 U.S. 341, 348-51 (1984). The state rule of practice must have been in place and enforced "by the time as of which it is to be applied." Ford v. Georgia, 498 U.S. 411, 424 (1991).

In this case the procedural rule set forth in Wirth v. Ehly (decided in 1980) and the precedent cited therein, was firmly established and regularly followed state practice which was in effect at the time of Thompson's 1998 convictions and 2001 appeal. Therefore, the grounds for finding waiver are adequate. Therefore, because Thompson failed to raise the issue of the alleged coercion of his plea in his state postconviction motion and because the Wisconsin Court of Appeals based its waiver ruling on a state law ground that is adequate and independent of the merits of the federal claim, Thompson's claim is barred on collateral review by the doctrine of procedural default. See Harris v. Reed, 489 U.S. 255, 260 (1988); Conner v. McBride, 375 F.3d 643, 648-49 (7th Cir. 2004), cert. denied, 543 U.S. 1189 (2005).

**ORDER**

For the reasons explained above, the court ORDERS that Michael Thompson's "Petition Under § 2255 for Writ of Habeas Corpus by a Person in State Custody" (filed February 3, 2003) IS DENIED.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter a final judgment as a separate document. This judgment shall provide that:

> This action came on for a hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,
>
> IT IS ORDERED AND ADJUDGED
>
> that Michael Thompson's petition for a writ of habeas corpus is denied and that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 29th day of March, 2006.

                                        s/ Thomas J. Curran
                                        Thomas J. Curran
                                        United States District Judge